```
                    IN THE UNITED STATES BANKRUPTCY COURT
                          SOUTHERN DISTRICT OF OHIO
                              WESTERN DIVISION


IN RE:                                :    CASE NO. 18-13060
                                           CHAPTER 13
     KEVIN WILLIAM LYTLE              :
                                           JUDGE JEFFERY P. HOPKINS
     DEBTOR(S)
                                      :    TRUSTEE'S OBJECTION
                                           TO CONFIRMATION
```

Comes now the Chapter 13 Trustee, Margaret A. Burks and files this objection to the Plan filed by debtor(s). The Trustee objects for the reasons stated herein. Requested documents have not been provided.

    a) Provide proof of insurance on Goodman.
    b) Is insurance now in place, and new tenant in Hillside?
    c) Amend Schedule I - show rental income from forthcoming rental
    d) Amend Plan paragraph 10.1 - insurance information for car.
    e) Car title to Ford F-250.
    f) The Trustee notes that debtor's proposed disposition of real property describe as 1806 Goodman Ave., Cincinnati, Ohio 45239 currently in Plan paragraph 13 may draw an objection under the ***Espinosa*** doctrine, insofar as the debtor proposes to convey real property via a quit claim deed to Hamilton County, to satisfy real property taxes.

    The Trustee questions whether a Plan confirmation can compel a party to accept title.

As to item ''f,'' debtor asserts on Schedules A and D that the Goodman Ave. property is $70,000.00. The mortgage of Bank of America on the property is expected to exceed this value, though the figures on Schedule D, line 2.1 do not add up. Suffice to say that the mortgage on line 2.1 and real property taxes on line 2.3 exceed $70,000.00.

Debtor's third paragraph in paragraph 13 suggests that the real property will be surrendered to the Hamilton County Treasurer, and surrender to the mortgage creditor is proposed in the fourth paragraph. However, the third paragraph ''circles back'' and asserts the following disposition of the real property if neither the Treasurer or the mortgage creditor initiate foreclosure:

> FURTHERMORE, SHOULD THE CREDITOR FAIL TO FILE THE DEFICIENCY CLAIM WITHIN THE SAID 270 DAY PERIOD, THE DEBTORS SHALL BE ENTITLED TO EXECUTED A QUITCLAIM DEED TRANSFERING ALL OWNERSHIP INTEREST IN THE REAL PROPERTY TO THE HAMILTON COUNTY BOARD OF COUNTY COMMISSIONERS AND, PROVIDED THE CORRECT LEGAL DESCRIPTION IS INCORPORATED IN THE DEED, THE RECORDER OF HAMILTON COUNTY, OHIO AND THE AUDITOR OF HAMILTON COUNTY, OHIO SHALL ACCEPT THE DEED FOR RECORDING REGARDLESS OF ANY OUTSTANDING TAXES AND OTHER ENCUMBRANCES OF ANY KIND AND SHALL NOT CHARGE ANY RECORDING, TRANSFER OR OTHER FEES FOR THE RECORDATION OF THE DEED. THEREAFTER, THE DEBTORS SHALL NOT BE RESPONSIBLE FOR ANY OUTSTANDING TAXES, CIVIL FINES AND ANY OTHER CHARGES OR FEES OF ANY KIND RELATED TO THE

REAL PROPERTY INCLUDING ANY THAT HAVE ACCRUED SINCE THE COMMENCEMENT OF THIS CHAPTER 13 ACTION UNTIL THE REAL PROPERTY IS TRANSFERRED TO THE HAMILTON COUNTY BOARD OF COUNTY COMMISSIONERS.

Various courts have wrestled with the proper manner of dealing with ''zombie properties'' - properties on which secured creditors neither proceed against surrendered collateral, nor will they release their liens. The Trustee cites as the best analysis analogous to Ohio real estate law the case of *In re Zair*, 535 B.R. 15 (Bankr. E.D. N.Y. 2015) While other states' Bankruptcy Courts have considered allowing ''vesting'' under 11 U.S.C. §1322(b)(9) may allow a transfer of title to the creditors, this argument ignores the fact that debtors are unable to convey clear title. As this proposal appears to be a matter of first impression for the Cincinnati Bankruptcy Court, the *Zair* decision is instructive.

Using §1322(b)(9)'s ability to direct vesting of collateral, the *Zair* Court makes a detailed analysis of what vesting can accomplish. Like *Zair*, in which two mortgagees had competing rights to foreclose and marshal liens, debtor now at bar proposes to convey his real property to the County Treasurer subject to Bank of America's mortgage.

The Trustee has provided to debtor's counsel a contact with the Hamilton County Treasurer's office, who can reportedly refer this matter to the prosecutor's office, perhaps to expedite initiation of a tax foreclosure.

The Trustee requests that the Court uphold her objection.

                Respectfully submitted,

/s/   Margaret A. Burks, Esq.
      Margaret A. Burks, Esq.
      Chapter 13 Trustee
      Attorney Reg. No. OH 0030377

      Francis J. DiCesare, Esq.
      Staff Attorney
      Attorney Reg. No. OH 0038798

      Karolina F. Perr, Esq.
      Staff Attorney
      Attorney No.  OH 0066193

      600 Vine Street, Suite 2200
      Cincinnati, OH  45202
      513-621-4488
      513 621-2643  (facsimile)
      mburks@cinn13.org Correspondence only
      fdicesare@cinn13.org
      kperr@cinn13.org

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Objection to Confirmation was served (i) electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) by ordinary U.S. Mail on October 31, 2018 addressed to:

Kevin William Lytle
Debtor(s)
2562 Springdale Road
Cincinnati, Ohio 45231

                                                                 /s/Margaret A. Burks, Esq.
                                                                    Margaret A. Burks, Esq.

                                                                    Francis J. DiCesare, Esq.

                                                                    Karolina F. Perr, Esq.

```
                     UNITED STATES BANKRUPTCY COURT
                      SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

IN RE:                              :    CASE NO. 18-13060
                                         CHAPTER 13
    KEVIN WILLIAM LYTLE             :    JUDGE JEFFERY P. HOPKINS

    DEBTOR(S)                       :

                                    :    **NOTICE OF OBJECTION**
                                         **TO CONFIRMATION**


    The Chapter 13 Trustee, Margaret A. Burks, has filed papers with the court objecting to the confirmation of the above-referenced case.

    **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

    If you do not want the court to grant the relief sought in objection to confirmation, or if you want the court to consider your views on the objection, November 27, 2018, at the United States Bankruptcy Court, Atrium II, Suite 800, 221 East 4th Street, Cincinnati, Ohio 45202.

    You may also file a Response explaining your position.

        If you mail your response to the court for filing, you must mail it early enough so the court will receive it before the confirmation hearing.

        If you file a Response, you must also mail a copy to:

| | |
|---|---|
| Margaret A. Burks | U.S. Trustee |
| Chapter 13 Trustee | 36 East 7th Street |
| 600 Vine Street | Suite 2030 |
| Suite 2200 | Cincinnati, Ohio 45202 |
| Cincinnati, Ohio 45202 | |

    If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the objection and may enter an order granting that relief.


Date: October 31, 2018          /s/   <u>Margaret A. Burks, Esq.</u>
                                      Margaret A. Burks, Esq.